UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

RECEIVED
2020 JUN 22 A 10: 17
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

WILLIAM RICHARDSON,

    PLAINTIFF,

v.

    Case No.: **2:20-cv-00435**

EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. AND MEMPHIS CITY EMPLOYEES CREDIT UNION,

    JURY DEMAND

    DEFENDANTS.

## COMPLAINT
### Preliminary Statement

1. This is an action for damages brought by an individual consumer, William Richardson, against Defendants Experian Information Solutions, Inc.; Equifax Information Services, LLC; and, Memphis City Employees Credit Union for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

### Jurisdiction and Venue

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### Parties

4. Plaintiff William Richardson is an adult individual residing in the state of Alabama and this judicial district.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in the Middle District of Alabama, and which has a principle place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, NJ, 07054.

1

6. Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the Middle District of Alabama, and which has a principle place of business located at 1500 Peachtree Street NW, Atlanta, GA 30309.

7. Defendant Memphis City Employees Credit Union ("Memphis") is a business entity and furnisher of credit information that regularly conducts business in the Middle District of Alabama, and which has a place of business located at 2608 Avery Avenue, Memphis, Tennessee 38112.

## Factual Allegations

8. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least January 2020 through present.

9. The inaccurate information includes, but is not limited to, an account with Memphis, which was discharged in bankruptcy but is being reported as a charge off, $3,716 balance owed and with no notation that the account was discharged through a bankruptcy.

10. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

11. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

12. Plaintiff has disputed the inaccurate information to each defendant by oral and written communications to their representatives and by following Experian and Equifax's established procedures for disputing consumer credit information.

13. Plaintiff has disputed the inaccurate information with Experian and Equifax from January 2020 through the present.

14. Notwithstanding Plaintiff's efforts, Experian and Equifax have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information. Experian and Equifax continue to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors. Experian and Equifax have repeatedly published and disseminated consumer reports to such third parties from at least January 2020 through the present.

15. Despite Plaintiff's efforts, Experian and Equifax have never: (1) contacted Plaintiff to follow up on, verify, and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes, such as the bankruptcy court; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any bankruptcy records, or other relevant documents from Memphis; or (5) reviewed its own records, which .

16. Notwithstanding Plaintiff's disputes, Memphis has also failed to conduct timely and reasonable investigations of Plaintiff's disputes. After being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, Memphis willfully continues to report such inaccurate information to various credit reporting agencies and reporting the account as in dispute by Plaintiff.

17. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to: perform reasonable reinvestigations of the above disputes as required by the FCRA; remove the inaccurate information; report the results of its reinvestigations to all credit reporting agencies; note the

3

disputed status of the account; and, have continued to report the derogatory inaccurate information about the Plaintiff to third parties.

18. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of adverse credit action, lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

19. At all times pertinent hereto, Defendants were acting by and through their agents, Servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants, and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

### Count I – Violations of the FCRA
### (Plaintiff v. Equifax)

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, Equifax is a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23. At all times pertinent hereto, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a

consumer reporting agency of information related to each consumer report prepared by Equifax and dispute processed by Equifax.

26. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in causing the distinct and independent serious injuries, actual damages, and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

### Count II – Violations of the FCRA
### (Plaintiff v. Experian)

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto, Experian is a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

29. At all times pertinent hereto, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30. At all times pertinent hereto, the above-mentioned credit reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

31. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information related to each consumer report prepared by Experian and dispute processed by Experian.

32. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in causing the distinct and independent serious injuries, actual damages, and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the

full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

### Count III – Violations of the FCRA
### (Plaintiff v. Memphis)

33. At all times pertinent hereto Memphis was a "person" as that term defined by 15 U.S.C. § 1681a(b).

34. Memphis violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

35. Memphis' conduct was a direct and proximate cause, as well as a substantial factor, in causing the distinct and independent serious injuries, actual damages, and harm to Plaintiff that are outlined more fully above and, as a result, Memphis is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

### Jury Trial Demand

36. Plaintiff demands trial by jury on all issues so triable.

### Prayer for Relief

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and,

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

/s/ Micah S. Adkins

Micah S. Adkins
(ASB-8639-I48A)
**THE ADKINS FIRM, P.C.**
1025 Westhaven Blvd., Suite 220
Franklin, Tennessee 37064
T: (615) 370.9659
F: (615) 370.4099
MicahAdkins@ItsYourCreditReport.com
*COUNSEL FOR PLAINTIFF WILLIAM RICHARDSON*